# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ARTHUR L. GAINES, III,** on behalf of himself and all other plaintiffs similarly situated, known and unknown, | )<br>)<br>)<br>) **No.** 1:22-cv-<br>) |
| Plaintiff, | )<br>) **Hon.** |
| v. | ) District Judge<br>)<br>) |
| **KNH ENTERPRISE, INC., D/B/A SUBWAY, AND HITESH R. PATEL, INDIVIDUALLY,** | ) Hon.<br>) Magistrate Judge<br>) |
| Defendants. | ) |

## COMPLAINT

NOW COMES Plaintiff, **ARTHUR L. GAINES, III**, ("Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for his Complaint against Defendants, **KNH ENTERPRISE, INC., D/B/A SUBWAY, AND HITESH R. PATEL, INDIVIDUALLY,** (individually "Patel") (collectively, "Defendants"), state as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment

relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **KNH ENTERPRISE, INC., D/B/A SUBWAY** (hereinafter referred to individually as ("KNH") is an Illinois corporation that owns and operates three franchised locations of Subway restaurants located in Chicago, Illinois. Defendants' three stores are located approximately at the intersections of 124th St. and E 35th St., Ashland Ave. and 35th St. and Halsted St. and 31st St. KNH lists its corporate address as 1123 W. George St., Unit 1, Chicago, Illinois 60657.

4. Defendant KNH operates restaurants which sell and serve prepared food and beverages to customers for consumption on and off its premises. Defendants serve food and beverage products that moved in interstate commerce prior to being used and sold at KNH's restaurant locations in Illinois.

5. KNH is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6. During all relevant times, KNH was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Defendant **HITESH R. PATEL** (hereinafter referred to individually as "Patel", and any reference to Defendant KNH shall likewise include and refer to Patel) is the President and owner KNH and the primary day-to-day manager and decision maker of all Subway restaurants owned and operated by KNH.

8. In his capacity as President, owner and manager of KNH, Patel was vested with the authority to implement and carry out the wage and hour practices of KNH.

9. Patel acted as the manager of KNH and was responsible for assigning tasks, creating and distributing schedules, operations supervision, and payment of wages. Patel oversaw all aspects of KNH's business operations, client interactions and food service.

10. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Patel and Patel in turn responded to those communications with the authority described herein.

11. Thus, at all times relevant hereto Patel was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

12. Plaintiff, **ARTHUR L. GAINES, III,** is a former employee of Defendants who performed a number of restaurant food preparer, food service and janitorial duties including welcoming customers, making sandwiches and preparing customer food orders, operating the cash register, cleaning the kitchen, tables and restrooms, etc.

13. Plaintiff worked at all three of Defendants' Subway franchises, rotating between the three restaurants at the direction of Defendants, including Patel. Plaintiff was often the only employee working at any given time during his shifts.

14. Plaintiff was consistently required to work more than 40 hours each week and was not paid overtime premiums of one and one-half his regular rate of pay for such hours.

15. At times, Defendants compensated Plaintiff only his straight time rate of pay for all hours worked, wherein Defendants paid Plaintiff his first approximately 79.5 hours over two week pay periods by payroll check and then paid Plaintiff cash, off the books, at his straight time rate

3

for hours worked over 80 in two-week pay periods. This dual-pay and cash wage scheme violated the FLSA, IMWL and CMWO.

16. When Plaintiff received cash wages from Defendants, Defendants deducted certain amounts of money Defendants deemed "taxes" without receiving proper, contemporaneous authorizations from Plaintiff. KNH failed to use compliant deduction authorization forms such as amounts. Plaintiff never received any itemized summary or any other documentation regarding these "taxes".

17. At other times during Plaintiff's employment, Defendants improperly classified Plaintiff as a salary-exempt employee and failed to compensate him overtime premiums for hours worked over 40 in individual work weeks.

18. Over the course of Plaintiff's employment, Defendants regularly, sometimes even pay period to pay period, alternated Plaintiff from hourly to salary and vice versa in order to avoid the overtime provisions of the FLSA, IMWL and CMWO, which displayed a flagrant and willful disregard for the FLSA.

19. Plaintiff worked over 40 hours most, if not all work weeks he worked for Defendants and was not paid his overtime rate of pay of one and one-half his regular rate.

20. KNH should have compensated Plaintiff at a rate of one and one-half for all hours worked over 40 in individual work weeks over the course of his entire employment.

21. Defendants compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis but failed to pay one-and one-half times the employees' regular hourly rates of pay for all hours worked and at other times improperly classified employees as salary-exempt without paying overtime premiums.

4

22. Upon information and belief, Defendants compensated all restaurant employees in the same or similar manner as Plaintiff by failing to compensate them overtime premiums through one or both of the illegal practices described herein.

23. Defendants' conduct, practices and policies as alleged herein were in violation of the federal, state and local laws relied upon herein.

24. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their straight time rate of pay for all hours worked and not compensated at a rate of one and one-half said regular rates for all overtime-eligible hours worked in excess of 40 in individual work weeks.

25. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

26. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

27. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date

three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

28. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover from Defendants unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

29. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiff to recover unpaid overtime and minimum wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

### V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

30. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants as a restaurant employee and food preparer. Plaintiff's employment as a food preparer was integral and indispensable to Defendants' restaurant and food service business.

31. Plaintiff began working for Defendants as a food preparer in approximately 2019. Plaintiff separated from Defendants in approximately June 2022.

32. Throughout the duration of Plaintiff's employment, he worked at least two hours while physically present in the City of Chicago during individual two-week periods. As such, Plaintiff was at all times a "Covered Employee" as defined by the CMWO.

33. Defendants employed and employ "Covered Employees", including Plaintiff, and as such were and are "Employers" as defined by the CMWO. Additionally, because Defendants were operating and engaging in business, including food preparation and sales, within the City of Chicago, Defendants were and are subject to license requirements set forth by the Municipal Code of Chicago, further qualifying Defendants as "Employers" under the CMWO.

34. Upon information and belief, Defendants possessed proper license(s), insurance and permit requirements to engage in food preparation and sales and otherwise conduct business within the City of Chicago.

35. Upon information and belief, Defendants were subject to City of Chicago licensing, permit and insurance requirements and thus possessed the required and proper license(s) to prepare and sell food and beverage products and otherwise conduct business within the City of Chicago.

36. As such, Plaintiff, who worked in the City of Chicago, was a Covered Employee working for a Covered Employer as defined by the CMWO and is entitled to the CMWO's protections.

37. Plaintiff performed a variety of duties related to fast food service, including welcoming customers, making sandwiches and preparing other food and beverage products, fulfilling customer orders and requests, operating the register, and cleaning the restaurant (kitchen, tables, restroom), etc. Plaintiff performed exclusively manual cooking and labor duties for Defendants.

38. Plaintiff used and handled goods and materials, including perishable food products and beverage products, which moved in interstate commerce prior to being used or purchased in Illinois.

39. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Patel. Patel managed day-to-day activities for Plaintiff and all other hourly workers.

40. Patel was directly involved in all of Defendants' business operations, including the minute details of the specific duties being performed by Plaintiff and other hourly employees at Defendants' various restaurant locations each day. Patel directly supervised and managed Plaintiff and putative class members on a daily basis.

41. Patel regularly communicated with Plaintiff by phone and text message to assign work hours and locations and discuss other employment matters, including wages.

42. Plaintiff's schedule varied over the course of his employment with Defendants, as the days worked per week and the start/end times of shifts changed week to week. Generally, Plaintiff worked from 11:00 a.m. to 4:00 p.m. at one of Defendants' three locations, and then 5:00 p.m. to 10:00 p.m. at another location, for a total of approximately 11 hours per day. Other times, Plaintiff was scheduled from 7:30 a.m. to 7:30 p.m. Plaintiff usually worked at least 6 days per week. Plaintiff regularly worked in excess of these scheduled times, both before and after his scheduled start and end times.

43. Plaintiff's work hours were tracked through Defendants' point-of-sales ("POS") system, which was installed in Defendants' cash registers.

44. Plaintiff was paid in various manners over the course of his employment, each of which implemented by Patel by his authority as owner and manager of KNH.

45. When Plaintiff began working for Defendants in early 2019, Plaintiff was paid a salary of approximately $1,100 per week, every two weeks. Plaintiff regularly worked at least 60

8

hours per week. Plaintiff's paystubs noted the pay as "Salary" while the "Total Hours" line item was left blank.

46. During this period of 2019, Defendants would insert a blank placeholder in the "Total Hours" of Plaintiff's paystubs, even though Plaintiff worked at least 120 hours every two week pay period.

47. During this time in the first half of 2019, Plaintiff did not receive any additional cash compensation on top of his salary.

48. During this time in early to mid-2019, Plaintiff's regular rate was approximately $9.00 per hour and fell below the minimum wage for non-tipped workers of $13.00 per hour required by the CMWO.

49. In approximately July or August of 2019, Plaintiff complained to Defendants, specifically Patel, about Defendants' failure to pay overtime. At this point, Defendants changed Plaintiff's compensation structure to hourly.

50. In the later half of 2019, Plaintiff continued to work approximately 120 or more hours every two weeks. However, in order to avoid the overtime obligations imposed by federal, state and local law, Defendants would insert a placeholder in the "Total Hours" column of Plaintiff's paystubs of about 79.5 hours (or some other number of odd minutes to give the appearance that Plaintiff was working a very precise number of hours under the 80-hour threshold for each two week pay period, such as 79.21, 79.34, 79.41 hours). Then, Defendants would compensate Plaintiff additional wages for the hours worked over 80 in a two week pay period in cash, but only at Plaintiff's straight time rate of pay of about $13.00 per hour.

51. These cash payments tendered to plaintiff by Defendants were not recorded by Defendants and were "off the book" payments.

52. When Defendants paid Plaintiff additional cash wages off-the-books, Defendants would deduct certain amounts of money from the cash portion of Plaintiff's wages for "taxes". Defendants never provided Plaintiff with a deduction authorization form as required by the IWPCA. Plaintiff never received any documentation itemizing, summarizing, or otherwise explaining Defendants' "tax" deductions from cash wages.

53. In 2020, Defendants moved Plaintiff back to a salary compensation plan, but depending on how many hours Plaintiff worked each pay period, would toggle Plaintiff's compensation structure back and forth between salary and hourly on a whim based on which structure would cost Defendants less that particular pay period.

54. Defendants toggled Plaintiff's compensation structure based on the following criteria: if Plaintiff worked 100 hours or more during a pay period, Defendants (including Patel) paid Plaintiff a "salary" for the pay period and would not provide Plaintiff any additional cash compensation for hours worked over 80 in the two week pay period.

55. When Plaintiff worked fewer than 100 hours in a two week pay period, Defendants (including Patel) paid Plaintiff "hourly" for the pay period, paid Plaintiff an hourly rate for 79+ hours and then paid Plaintiff cash for the hours worked between 80 and 99 for the pay period at Plaintiff's straight time rate of pay. This practice implemented by Defendants continued all through 2020 and into 2021 and 2022.

56. During 2021 and 2022, Plaintiff was typically paid by the hour with supplemental cash at the straight time rate of pay because he was working fewer than 100 hours every two weeks.

57. Occasionally during 2021 and 2022, Plaintiff worked 100 hours or more during two week pay periods and was paid only by salary without additional cash compensation as described above.

58. The manner by which Defendants regularly "flip flopped" Plaintiff's compensation between salary and hourly structures further evidence Defendants' ill and willful intent to violate the FLSA.

59. Plaintiff inquired with Patel and Defendants regarding their failure to pay overtime wages on numerous occasions during his employment. However, Patel never provided Plaintiff with a reason as to why he and other hourly employees were not paid overtime premiums. Defendants never remedied their failure to pay overtime wages, despite complaints by Plaintiff.

60. Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

61. Defendants' illegal payment of wages to Plaintiff and putative class members in cash was implemented in part to assist Defendants in circumventing the overtime requirements of the FLSA and IMWL.

62. Further, the illegal practice of paying Plaintiff straight time ages for hours worked over 40 in individual work weeks in cash was implemented by Defendants intentionally and for the specific purpose of avoiding the overtime obligations of the FLSA, IMWL and CMWO.

63. Defendants' cash wage scheme decreased the amount of taxes paid by Defendants to the United States Treasury.

64. Defendants' illegal cash payment scheme deprived Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid, etc.

65. During his entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid every two weeks. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week and never received overtime premiums.

66. Upon information and belief, Plaintiff understood that all hourly food service employees were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

67. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

68. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

69. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-69. Paragraphs 1 through 69 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 69 of this Count I.

70. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to

compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

71. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-71. Paragraphs 1 through 71 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 71 of Count II.

72. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws

recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

73. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-73. Paragraphs 1 through 73 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 73 of Count III.

74. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein,

but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

75. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-75. Paragraphs 1 through 75 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 75 of this Count IV.

76. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

77. The Illinois Minimum Wage Law provides that an employer who fails to pay the required wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that

remain unpaid through February 19, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-77. Paragraphs 1 through 77 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 77 of this Count V.

78. During the course of employment of Plaintiff and the Plaintiff class, Defendants made deductions from Plaintiff's wages to cover the cost of amounts deemed by Defendants to be "taxes", without any showing by Defendants as to the real purpose of the deduction(s).

79. Such deductions (1) were not required by law; (2) were not to the benefit of Plaintiff or the Plaintiff Class; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiff or members of the Plaintiff Class.

80. Defendants the IWPCA, as discussed above, by making unauthorized deductions from wages.

81. Plaintiff was damaged by Defendants' violations of the IWPCA.

82. Plaintiff seeks certification of the IWPCA violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiff;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-82. Paragraphs 1 through 84 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 84 of this Count VI.

83. Plaintiff was an "employee" under the CMWO§ § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO.

84. Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

85. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rates of pay.

86. Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 6-105-010.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 07/08/22*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450